# Federal Defenders
## OF NEW YORK, INC.

Southern District
81 Main Street, Suite 300
White Plains, N.Y. 10601-4150
Tel: (914) 428-7124 Fax: (914) 948-5109

David E. Patton
*Executive Director
and Attorney-in-Chief*

**MEMO ENDORSED**

Application to rescind writ of habeas corpus ad prosequendum **DENIED**.

As agreed by the parties, defendant shall be permitted to bring his state discovery and legal material with him into federal custody, be given access to the law library and to his discovery, and be granted legal calls with his state public defenders.

SO ORDERED.
/s/ Hon. Victoria Reznik, U.S.M.J.    8/4/2023

The Honorable Victoria Reznik
United States Magistrate Judge
Southern District of New York
300 Quarropas Street
White Plains, New York  10601-4150

Re: United States v. Darin Peterson,
23 MJ 01982

Dear Honorable Reznik:

I am writing on behalf of Darin Peterson to formally object to the issuance of a writ of habeas corpus ad prosequendum and to ask that Your Honor please rescind any such order that has been issued so that, at least for the time being, Mr. Peterson can remain in state custody at the Rockland County Jail.

As background, Mr. Peterson is charged federally with sexual exploitation of children pursuant to 18 U.S.C. § 2251. *See* ECF # 1. These charges were filed on March 10, 2023, and Mr. Peterson's case has not yet been indicted. *See* ECF #s 5-13. In addition to these recent federal charges, Mr. Peterson faces a number of state prosecutions in Rockland County for conduct that was charged years ago, including a manslaughter case from March, 2021 (Rockland County Indictment # 70075-21)[1], and two assault charges relating to incidents in January and September of 2022 (Rockland County Indictment #s 70681-22, 70443-22). Because of these Rockland matters, Mr. Peterson has been incarcerated at the Rockland County Jail since early 2021. Mr. Peterson has pleaded not guilty on all of these Rockland cases and is awaiting trial.

Of course, federal courts generally have the power to issue a writ of habeas corpus ad prosequendum. That authority stems from 18 U.S.C. § 2241(c)(5), which states that a writ may be issued when "necessary to bring" a defendant to court "for trial." *See also United States v. Mauro*, 436 U.S. 340, 358 (1978) ("the statutory

---

[1] Mr. Peterson had a trial in relation to these charges in May and June, 2022. At this trial, Mr. Peterson was acquitted of murder. The jury was unable to reach a verdict on the remaining charges. As such, Mr. Peterson expects to soon be retried on the remaining charges, which include manslaughter, assault and criminal possession of a weapon.

authority of federal courts to issue writs of habeas corpus *ad prosequendum* to secure the presence, for purposes of trial, of defendants in federal criminal cases, including defendants then in state custody, has never been doubted."); *Lugo v. Hudson*, 785 F.3d 852, 854-855 (2d Cir. 2015) ("A writ ad prosequendum orders the production of a prisoner in court for the purpose of standing trial. If a prisoner is serving a state sentence when he is produced for federal prosecution, the writ temporarily transfers him to federal custody for prosecution but the state retains primary custody for the purpose of calculating his state sentence.") (internal citations omitted). But while courts are allowed to issue a writ to secure a defendant's presence for trial, any such writ is premature for Mr. Paterson because he has not yet been indicted and has thus far waived his right to a speedy trial and to a speedy indictment. Under these circumstances, it is premature to transfer Mr. Peterson to federal custody because Mr. Peterson's trial is not imminent and 18 U.S.C. § 2241(c)(5) only authorizes writs when "necessary" to bring a defendant "into court to testify or for trial."[2]

Additionally, the issuance of a writ is improper at this time because transferring Mr. Peterson to federal custody will needlessly interfere with Mr. Peterson's ongoing state prosecutions. As highlighted above, Mr. Peterson is facing very serious state charges and those cases have been pending for years and appear close to trial.[3] Shifting Mr. Peterson to federal custody will needlessly interfere with these trials, which infringes on Mr. Peterson's right to a speedy state trial. U.S. Const., Amend. VI. Additionally, housing Mr. Peterson in a federal institution far from his state attorneys violates Mr. Peterson's right to counsel and due process, and unnecessarily hinders his ability to prepare for trial. U.S. Const., Amends. VI, XIV.

For these reasons, and especially because Mr. Peterson's federal case is in its infancy and not close to trial while his state matters are close to trial, there is no legitimate reason to transfer Mr. Peterson from the Rockland County Jail into federal custody. Thus, this Court should rescind its prior order and allow Mr. Peterson to remain in state custody. Alternatively, the Court should grant a

---

[2] Mr. Peterson does not object to being brought to federal court for court appearances and conferences, as occurred at his March 10, 2023 presentment. Mr. Peterson only objects to being transferred into federal custody because, as argued herein, such a transfer will unnecessarily hinder his ability to fight his state charges.

[3] As far as I am aware, no trial dates have been set but Mr. Peterson has a court appearance scheduled in Rockland County on September 19, 2023.

hearing so that the Court can ascertain whether justice would be better served by having Mr. Peterson remain in state custody.[4]

Thank you for your consideration.

Respectfully submitted,

_____
Benjamin Gold
Assistant Federal Defender

cc: Assistant United States Attorney Kathryn Wheelock

---

[4] If the Court denies this motion, I ask that the Court please order that Mr. Peterson be allowed to bring all of his state discovery and legal material with him to federal custody. I also ask that Mr. Peterson be given frequent access to the law library and to his discovery, and that he be granted regular legal calls with his state public defenders.